**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS RODRIGUEZ,

    Defendant - Appellant.

No. 17-2149
(D.C. No. 1:16-CR-01982-JAP-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.[**]
_____

    Jesus Rodriguez pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court enhanced his sentence to 15 years in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), finding that he had been convicted of three prior violent felony offenses that qualified him for the enhancement.

    Mr. Rodriquez challenges his sentence on appeal, arguing that two of the prior offenses, both for violating N.M.S.A. § 30-3-16(C)—"aggravated battery against a

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

household member inflicting great bodily harm"—are not violent felonies under the ACCA. We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

In *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), this court held that a Colorado statute which required serious bodily injury could not be violated without the use of physical force and therefore a conviction under the statute qualifies as a crime of violence under United State Sentencing Guideline § 4B1.2.[1] *Id.* at 538-39. This court denied a petition for rehearing en banc in this case on January 2, 2018, and the mandate issued on January 10, 2018.

On appeal, Mr. Rodriguez concedes that, based on *Ontiveros*, his convictions under the comparable New Mexico statute qualify as violent felonies under the ACCA and his sentence must stand. Aplt. Br. at 6-7. He contends *Ontiveros* was wrongly decided and raises the issue to preserve it for further review. *Id.*

"[A]bsent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis," *United States v. White*, 782 F.3d

---

[1] Given the "similarity in language between the ACCA and [the Sentencing Guidelines]" defining "violent felony" and "crime of violence," respectively, we may "look[] to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony." *United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010) (quotations omitted).

2

1118, 1126-27 (10th Cir. 2015)(quotations omitted), this court's decision in

*Ontiveros* binds this panel.  We therefore affirm Mr. Rodriguez's sentence.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge